## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ANGELA YOUNG**                                                              **PLAINTIFF**

**V.**                            **CAUSE NO. 3:19-CV-824-CWR-FKB**

**PROGRESSIVE GULF INSURANCE**                          **DEFENDANT**
**COMPANY**

### **ORDER**

Before the Court is the defendant's motion for summary judgment. The matter is fully briefed and ready for adjudication.

Angela Young purchased car insurance from Progressive Gulf Insurance Company. On May 20, 2019, while her husband was driving her vehicle on Interstate 220, the vehicle caught fire. The fire was apparently caused by a manufacturing defect that was in the process of being repaired via a formal recall campaign.

Young filed an insurance claim with Progressive. She asked it to cover the vehicle damage and her husband's injuries. When Progressive denied her claim, Young filed this suit seeking damages under contract and tort theories. The present motion for summary judgment followed shortly thereafter. The familiar legal standard applies. *See* Fed. R. Civ. P. 56.

The parties agree that Young's insurance policy had a special exclusion precluding coverage for her husband. Whereas Young was listed on the policy's declarations page as a "named insured," her husband was identified as an "excluded driver." Docket No. 17-1 at 2.[1] The exclusion read, in relevant part, "we will not provide coverage for any claim . . . arising from an accident or loss involving a motorized vehicle being operated by that excluded driver." *Id*. at 40.

---

[1] The exclusion was not attached to the original motion for summary judgment, but Progressive supplemented its filing, and Young had no objection to the supplementation.

The parties disagree about how to interpret the exclusion. Young says that the policy should provide coverage in this "unique set of circumstances" because the loss was caused by the manufacturing defect under recall, rather than by her husband. Docket No. 12 at 4.

In Mississippi, "when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *Pilot Travel Centers, LLC v. Mid-Continent Cas. Co.*, No. 3:15-CV-360-CWR-LRA, 2016 WL 1633060, at *2 (S.D. Miss. Apr. 21, 2016) (quoting Mississippi law). "[T]he words employed are by far the best resource for ascertaining the intent and assigning meaning with fairness and accuracy." *Id.*

In this case, Young's insurance policy does not cover losses involving a vehicle operated by her husband. The relevant language does not ask who or what *caused* the loss, but instead limits coverage based on who was *driving*. Since it is undisputed that Young's husband was driving when this loss occurred, there is no insurance coverage for this claim.

Young then says that there should be coverage because a "vehicle fire is not an accident." Docket No. 12 at 4. Even so, the exclusion applies to both accidents *and losses*—and Young acknowledges in her brief that the "fire caused the losses." *Id.*

The motion is granted. A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 15th day of May, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE